Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>     v.<br><br>AREND NOLLEN, LEON HEDGES, DAVID PASANEN, and SOCIAL MEDIA SERIES LIMITED,<br><br>          Defendants. | CASE NO.: 3:19-cv-02262<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiffs Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram"), allege the following:

## INTRODUCTION

1.     Since at least July 9, 2018, to the present, Defendants Arend Nollen, Leon Hedges, David Pasanen, and Social Media Series Limited, have operated an unlawful business using the website Likesocial.co.  Defendants' business artificially inflates the "likes," "views," and "followers" of Instagram accounts (known as "fake engagement").  Defendants use a network of computers or "bots" and Instagram accounts to deliver automated likes to their customers' Instagram accounts, in violation of Instagram's Terms of Use ("TOU"), Community Guidelines, and California and federal law.  Through their business, Defendants interfered and continue to interfere with Instagram's service, create an inauthentic experience for Instagram users, and attempt to fraudulently influence Instagram users for their own enrichment.  Facebook and Instagram bring this action for injunctive relief to stop any continued and future misuse of its platform by Defendants in violation of Instagram's TOU and Community Guidelines.  Facebook and Instagram also bring this action to obtain compensatory, punitive, and exemplary damages under California Penal Code § 502 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

## PARTIES

2.     Plaintiff Facebook is a Delaware corporation with its principal place of business in Menlo Park, California.

3.     Plaintiff Instagram is a Delaware limited liability company with its principal place of business in Menlo Park, California.  Instagram is a subsidiary of Facebook.

4.     Defendant Nollen is a resident of Upper Hutt, New Zealand.  Exhibit 1.

5.     Defendants Hedges and Pasanen are residents of Lower Hutt, New Zealand.  Exhibits 2 and 3.

1

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6.     Defendant Social Media Series Limited ("Social Media Series") is a New Zealand limited liability company.  Exhibit 4.

7.     On or about January 8, 2016, Defendants Nollen, Hedges, and Pasanen incorporated and registered Social Media Series as a New Zealand limited company. Exhibits 4 and 5.  Defendants Nollen, Hedges, and Pasanen each own 33% of Social Media Series.  Exhibits 5-8.  And each Defendant has served in the role of Director of Social Media Series since January 8, 2016.  Exhibits 1-5.  According to corporate registration documents, the company has an office located at 9 McCarthy Grove, Clouster Park, Upper Hutt, 5018 New Zealand.  Exhibit 4.

8.     Since on or about July 9, 2018, Defendants controlled and operated the website Likesocial.co through Social Media Series Limited.

9.     At all times material to this action, each Defendant was the agent, employee, partner, alter ego, subsidiary, or coconspirator of and with the other Defendants, and the acts of each Defendant were in the scope of that relationship.  In doing the acts and failing to act as alleged in this Complaint, each Defendant acted with the knowledge, permission, and the consent of each of the other Defendants; and, each Defendant aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

## JURISDICTION AND VENUE

10.     The Court has federal question jurisdiction over the federal causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331.

11.     The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as Facebook and Instagram's federal claim.

12.     In addition, the Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and each of the named Defendants exists, and because the amount in controversy exceeds $75,000.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

13.     The Court has personal jurisdiction over Defendants because each Defendant personally used Instagram, their business used thousands of Instagram accounts, and, accordingly, they agreed to Instagram's TOU.  Instagram's TOU require Defendants to submit to the personal jurisdiction of this Court for litigating any claim, cause of action, or dispute with Instagram.

14.     In addition, the Court has personal jurisdiction because Defendants knowingly directed their actions at Facebook and Instagram, which have their principal place of business in California.  For example, Defendants' entire business model depends on accessing and using Instagram in order to artificially manipulate Instagram accounts in exchange for money.

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the threatened and actual harm to Facebook and Instagram occurred in this District. Venue is also proper with respect to each of the Defendants pursuant to 28 U.S.C. §1391(c)(3) because none of the Defendants resides in the United States.

16.     Pursuant to Civil L.R. 3-2(c), this case may be assigned to the San Francisco Division because Facebook and Instagram are located in San Mateo County.

## FACTUAL ALLEGATIONS

### A.     Background on Instagram and Facebook

17.     Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices.  As of December 2018, Facebook daily active users averaged 1.52 billion and monthly active users averaged 2.32 billion, worldwide.  Facebook has several products, including Instagram.

18.     Instagram is a photo and video sharing service, mobile application, and social network.  Instagram users can post photos and videos to their profile.  They can also view, comment on, and like posts shared by others on Instagram.  As of June 2018, Instagram had over one billion active accounts.

3

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

19.     When an Instagram user posts a photo, other Instagram users can view the photo and choose to "like" it.  For private accounts, followers of the account can see the post.  For public accounts, anyone can see the post.  When a photo is liked, that like can be seen by anyone who can see the post.  For marketing and other commercial purposes, certain Instagram users strive to increase the number of followers, views, and likes they receive to increase their visibility and popularity on Instagram.

20.     Instagram users can gain followers, views, and likes, but only from other registered Instagram users.  If a visitor to Instagram does not have an Instagram account and tries to like a post, the visitor is redirected to the Instagram login page to enter their Instagram credentials or to create a new Instagram account.

21.     Everyone who uses Instagram agrees to Instagram's TOU[1] and other rules that govern access to and use of Instagram, including Instagram's Community Guidelines.[2]  The Instagram TOU state that because Instagram is a Facebook product, the Instagram TOU constitute an agreement between the Instagram users and Facebook.[3]

22.     Since at least April 2018, Instagram's TOU prohibit users from (a) "do[ing] anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose;" (b) "interfering or impairing the intended operation of [Instagram];" (c) "[a]ttempt[ing] to buy, sell, or transfer any aspect of [an Instagram] account;" (d) "creating accounts or collecting information in an automated way . . . ;" and (e) "violate (or help or encourage others to violate) [Instagram] terms or their policies including the Instagram Community Guidelines."

23.     In addition, Instagram's Community Guidelines prohibit users from artificially collecting positive account attributes (*i.e.*, likes, followers, and shares).

---

[1] Instagram TOU can be found at https://help.instagram.com/581066165581870.
[2] Instagram Community Guidelines can be found at https://help.instagram.com/477434105621119.
[3] *See* https://help.instagram.com/581066165581870.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### B.   Facebook and Instagram's Past Enforcement Actions against Defendants

24.   Since on or about July 23, 2015, Defendants have operated various websites offering fake engagement services including SocialEnvy.co, IGFamous.net, and Likesocial.co.  Facebook and Instagram have taken multiple enforcement actions against Defendants for violating Instagram's TOU and Community Guidelines, including sending cease and desist letters and disabling Instagram accounts associated with Defendants and their websites.

#### 1.   *SocialEnvy.co and IGFamous.net*

25.   According to corporate records, in 2015, Defendants Nollen and Hedges were the sole and equal shareholders of an entity called Social Envy Limited.  Exhibits 9-11.  Social Envy Limited was incorporated and registered as a New Zealand Limited Company.  Exhibit 9.  Social Envy Limited is registered at 9 McCarthy Grove, Clouster Park, Upper Hutt, 5018 NZ, which is the same address used by Social Media Series. Exhibits 4 and 9.

26.   Between July 23, 2015, and February 2018, Defendants Nollen and Hedges controlled and operated the website SocialEnvy.co[4] through Social Envy Limited. SocialEnvy.co sold artificial Instagram views and other fake engagement services. Exhibits 12 and 13.

27.   Between December 2, 2015, and February 2018, Defendants Nollen and Hedges controlled and operated the website IGFamous.net through Social Envy Limited.  IGFamous.net sold artificial Instagram likes and other fake engagement services.  Exhibit 14.

28.   On February 20, 2018, Facebook and Instagram sent a cease and desist letter to Defendants Nollen and Hedges for operating SocialEnvy.co and IGFamous.net. Exhibit 15.   At that time, Instagram also disabled multiple Instagram accounts

---

[4] Socialenvy.co is presently operated by individuals unassociated with Defendants.

1  associated with SocialEnvy.co and Defendants Nollen and Hedges.  Some of those

2  accounts had been used by Defendants Nollen, Hedges, and Pasanen.

3      29.    In the February 20, 2018 cease and desist letter, Facebook and Instagram

4  demanded that Defendants Hedges and Nollen stop violating Instagram's TOU,

5  including:

6  • Misleading Instagram users;

7  • Creating false or duplicate profiles;

8  • Collecting user credentials;

9  • Automating interactions between profiles that have no prior

10  relationship;

11  • Facilitating or encouraging others to violate Instagram's [TOU].

12  The February 20, 2018 cease and desist letter also informed Defendants that their

13  actions may have violated state and federal laws, including Computer Fraud and Abuse

14  Act, 18 U.S.C. § 1030, and California Comprehensive Computer Data Access and Fraud

15  Act, Cal. Penal Code § 502(c).

16      30.    After receiving the February 20, 2018 cease and desist letter, Defendants

17  stopped offering fake engagement services on Socialenvy.co and IGFamous.net but

18  began selling fake engagement services on other websites, including Likesocial.co.

19          **2.    *Likesocial.co***

20      31.    Since on or about July 9, 2018, Defendants controlled and operated the

21  website Likesocial.co through Social Media Series.

22      32.    On December 18, 2018, Facebook and Instagram sent a cease and desist

23  letter to Defendants Nollen and Hedges for offering fake engagement services through

24  Likesocial.co.  Exhibit 16.  The December 2018 letter referenced the February 20, 2018

25  letter:

26  We first contacted you on February 20, 2018 demanding that you stop
   selling Instagram Followers and Likes through your websites
27  SocialEnvy.co and IGFamous.net.  Facebook is aware that you have
   continued your improper activities through your current websites including
28  but not limited to, LikeSocial.co, Social10x.com, smseries.co.nz, and
   SocialSteeze.net, where you continue to sell services that automate actions

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

6

on Instagram including, followers, likes, and views.   This violates Instagram's terms of service.

In the December 2018 letter, Facebook and Instagram again demanded that Defendants stop abusing Instagram and violating Instagram's TOU.   Facebook and Instagram advised Defendants that their conduct may have violated the California Penal Code § 502(c) and 18 U.S.C. § 1030.  Facebook and Instagram also revoked Defendants' access to Facebook and Instagram at that time and told Defendants that "you, your agents, employees, affiliates, or anyone acting on your behalf . . . may not access the Facebook or Instagram websites, Platforms, or networks for any reason whatsoever."

33.   In addition, Facebook and Instagram have taken other enforcement actions against Defendants, including blocking millions of artificial likes originating from Defendants' service and disabling accounts associated with Defendants.

34.   In response to Facebook and Instagram's past enforcement actions, Defendants attempted to conceal their association with the website Likesocial.co.   For example, in the terms of service for Likesocial.co affiliates, Defendants used the company name "New Zealand Like Social LLC."  Exhibit 17.  In fact, no such company is registered in New Zealand.  Defendants also used a domain privacy service to register the domain Likesocial.co.

**C.   Defendants Used an Automated Process, Bots, and Instagram Accounts to Artificially Inflate Instagram Users' Likes and Interfere with Instagram's Service and Computer Network**

35.   Since July 2018 and continuing to the present, Defendants have marketed their fake engagement services and conducted financial transactions with their customers on the website Likesocial.co.   Exhibits 18 and 19.   Defendants offered "automatic Instagram likes" using a "system [that] monitors your Instagram account 24/7 and detects your latest posts within seconds.  Instagram Likes start delivering to your post immediately after it is detected."  Exhibit 20.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

36.     Defendants charge a fixed weekly price for their fake engagement services. The cost of the service depends on the number of automatic likes being purchased and ranges from $10 to $99 per week.  The image shown below lists Defendants' pricing structure as of March 19, 2019, (Exhibit 19), from their website Likesocial.co:



37.     Defendants used PayPal to accept payments for their services.  The PayPal account used to receive payments from customers was in the name of Social Media Series.  Exhibits 21 and 22.

38.     Defendants used a network of bots and Instagram accounts that they controlled to deliver millions of automated likes to their customers.  Some of the Instagram accounts controlled by Defendants were responsible for tens of thousands of likes on a daily basis.

39.     For example, on November 28, 2018, after purchasing 500 likes on Likesocial.co, an Instagram user posted a photo of an empty gym on their Instagram account.  Although the account had no followers and the photo had no comments, the photo received approximately 500 likes within seconds.  All the likes came from

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Defendants' network of Instagram accounts using two internet service providers located in Turkey.

40.    Between on or about March 14, 2019 and March 22, 2019, multiple photos were posted by the same Likesocial.co customer.   Although the account had no followers and the photos had no comments, each photo received between 500 and 600 likes shortly after the photos were posted.  Defendants used a network of thousands of Instagram accounts to deliver these likes.

**D.    Defendants Unjustly Enriched Themselves and Their Unlawful Acts Have Caused Damage and a Loss to Facebook and Instagram**

41.    Defendants' breaches of Instagram's TOU and Community Guidelines have caused Facebook and Instagram substantial harm.  Defendants interfered and continue to interfere with Instagram's service and burden Facebook and Instagram's computer network.  Moreover, Defendants created and continue to create an inauthentic experience for Instagram users who used, viewed, and relied on Defendants' fake engagement services, thus damaging Instagram's brand.

42.    Defendants' actions injured Facebook and Instagram's reputation, public trust, and goodwill.

43.    Facebook and Instagram have suffered damages attributable to the efforts and resources it has used to address this Complaint, investigate and mitigate Defendants' illegal conduct, and attempt to identify, analyze, and stop their fraudulent and injurious activities.

44.    Since July 2018, Defendants unjustly enriched themselves at the expense of Facebook and Instagram in the amount of approximately $9,430,000.

## FIRST CAUSE OF ACTION

(Breach of Contract)

45.    Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

46.     Each individual Defendant created a personal Instagram account and agreed to Instagram's TOU and Community Guidelines.  The Instagram service is owned and operated by Facebook, Inc.  Since April 2018, the Instagram TOU have stated that Instagram is a Facebook product and that the Instagram TOU constitute an agreement between Instagram users and Facebook.

47.     In addition, since at least July 2018, Defendants used thousands of Instagram accounts to provide their services, which were also governed by Instagram's TOU and Community Guidelines.  Because Defendants' unlawful business used and targeted Instagram users, each Defendant agreed to Instagram's TOU and Community Guidelines.

48.     Social Media Series, through the website Likesocial.co, continually used Instagram and caused it to be accessed and used to conduct Defendants' fraudulent business.  As the shareholders and Directors of Social Media Services, which operates the website Likesocial.co, each individual Defendant was bound by Instagram's TOU and Community Guidelines.

49.     Despite each Defendant's agreement to Instagram's TOU and Community Guidelines, they repeatedly breached them.  Not only did Defendants and their fake engagement service violate Instagram's TOU and Community Guidelines, they have helped other Instagram users violate them—itself a violation of the TOU and Community Guidelines.

50.     Defendants breached Instagram's TOU and Community Guidelines by taking the actions described above, including by accessing Instagram to fraudulently and artificially inflate the likes associated with certain Instagram accounts using thousands of other Instagram accounts, all in an attempt to influence other Instagram users and enrich themselves while damaging Facebook and Instagram.

51.     Facebook and Instagram have performed all conditions, covenants, and promises required of it in accordance with its agreements with Defendants.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

10

1  52.   Defendants' many breaches have caused Facebook and Instagram to incur

2  damages in the amount of at least $9,430,000, in addition to an amount to be determined

3  at trial.

4  **SECOND CAUSE OF ACTION**

5  (California Penal Code § 502)

6  53.   Facebook and Instagram incorporate all other paragraphs as if fully set

7  forth herein.

8  54.   Defendants knowingly accessed and without permission otherwise used

9  Facebook and Instagram's data, computers, computer system, and computer network in

10  order to (A) devise or execute any scheme or artifice to defraud and deceive, and (B) to

11  wrongfully control or obtain money, property, or data, in violation of California Penal

12  Code § 502(c)(1).

13  55.   Defendants knowingly and without permission used or caused to be used

14  Facebook and Instagram's computer services in violation of California Penal Code

15  § 502(c)(3).

16  56.   By artificially inflating certain Instagram users' likes and impairing the

17  intended operation of Instagram, Defendants knowingly and without permission

18  disrupted or caused the disruption of computer services of Facebook and Instagram's

19  computers, computer systems, and/or computer networks in violation of California

20  Penal Code § 502(c)(5).

21  57.   Defendants knowingly and without permission accessed and caused to be

22  accessed Facebook and Instagram's computers, computer systems, and/or computer

23  networks in violation of California Penal Code § 502(c)(7).   Defendants accessed

24  Facebook and Instagram's computer network after Facebook and Instagram disabled

25  their Instagram accounts, and sent cease and desist letters to the Defendants revoking

26  their access.

27  58.   Because Facebook and Instagram suffered damages and a loss as a result

28  of Defendants' actions and continues to suffer damages as result of Defendant's actions,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  Facebook and Instagram are entitled to compensatory damages, in the amount of at least

2  $9,430,000, attorney fees, and any other amount of damages proven at trial, and

3  injunctive relief under California Penal Code § 502(e)(1) and (2).

4       59.    Because Defendants willfully violated California Penal Code § 502, and

5  there is clear and convincing evidence that Defendants committed "fraud" as defined

6  by section 3294 of the Civil Code, Facebook and Instagram are entitled to punitive and

7  exemplary damages under California Penal Code § 502(e)(4).

8  **THIRD CAUSE OF ACTION**

9  (Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

10       60.    Facebook and Instagram incorporate all other paragraphs as if fully set

11  forth herein.

12       61.    Defendants' access and use of Facebook and Instagram's computers and

13  computer systems was unauthorized because Defendants accessed Facebook and

14  Instagram's computer network after Facebook and Instagram disabled their Instagram

15  accounts and sent cease and desist letters to Defendants revoking their access.

16       62.    Facebook and Instagram computers and servers are protected computers as

17  defined by 18 U.S.C. § 1030(e)(2).

18       63.    Defendants violated 18 U.S.C. § 1030(a)(4) because they knowingly and

19  with intent to defraud accessed Facebook and Instagram-protected computers by

20  sending unauthorized commands to Facebook and Instagram computers.  Defendants

21  sent the commands to Facebook and Instagram computers to manipulate Instagram's

22  service by fraudulently inflating likes of certain Instagram accounts.  Defendants did

23  these acts in exchange for profit.

24       64.    Defendants violated 18 U.S.C. § 1030(a)(5)(A) because they knowingly

25  and intentionally caused the transmission of a program, information, code, or command,

26  and, as a result of such conduct, intentionally damaged Facebook and Instagram-

27  protected computers.

28

65.    Defendants violated 18 U.S.C. § 1030(a)(5)(B) by intentionally accessing a protected computer without authorization, and, as a result of such conduct, recklessly causing damage to Facebook and Instagram-protected computers.

66.    Defendants violated 18 U.S.C. § 1030(a)(5)(C) by intentionally accessing a protected computer without authorization, and, as a result of such conduct, causing damage to Facebook and Instagram-protected computers and a loss.

67.    Defendants violated 18 U.S.C. § 1030(b) by conspiring or attempting to commit the violation alleged in the preceding paragraph.

68.    Defendants' conduct has caused a loss to Facebook and Instagram during a one-year period in excess of $5,000.

69.    Defendants' actions caused Facebook and Instagram to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate and respond to Defendants' fraudulent scheme.  Facebook and Instagram are entitled to be compensated for losses and damages in the amount of at least $9,430,000, and any other amount proven at trial.

70.    Facebook and Instagram have no adequate remedy at law that would prevent Defendants from continuing their unlawful scheme.  Permanent injunctive relief is therefore warranted.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

71.    Facebook and Instagram incorporate all other paragraphs as if fully set forth herein.

72.    Defendants' acts as alleged herein constitute unjust enrichment of the Defendants at Facebook and Instagram's expense.

73.    Defendants accessed and used, without authorization or permission, Facebook and Instagram's service, platform, and computer network, all of which belong to Facebook and Instagram.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

74. Defendants used Facebook and Instagram's service, platform, and computer network to, among other things, defraud and deceive Instagram users, artificially inflate certain Instagram users' likes, impair the intended operation of Instagram, interfere with Instagram's service, platform, and computer network, and wrongfully obtain money from the operation of their unlawful business.

75. Defendants received a benefit by profiting off of their unauthorized use of Facebook and Instagram's service, platform, and computer network.

76. Defendants' retention of the profits derived from their unauthorized use of Facebook and Instagram's service, platform, and computer network would be unjust.

77. Defendants' unauthorized use of Facebook and Instagram's service, platform, and computer network has injured Facebook and Instagram's reputation, public-trust, and goodwill.

78. Defendants' unauthorized use of Facebook and Instagram's service, platform, and computer network has damaged Facebook and Instagram, including but not limited to the time and money spent investigating and mitigating Defendants' unlawful conduct.

79. Facebook and Instagram seek injunctive relief and damages in an amount to be proven at trial, as well as disgorgement of Defendants' ill-gotten profits in the amount of approximately $9,430,000.

80. As a direct result of Defendants' unlawful actions, Facebook and Instagram have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law, and which will continue unless Defendants' actions are enjoined.

### **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs Facebook and Instagram request judgment against Defendants as follows:

1. That the Court enter judgment against Defendants that Defendants have:

   a. Violated the Computer Fraud and Abuse Act, in violation of

14

1    18 U.S.C. 1030;

2        b. Violated the California Comprehensive Computer Data Access and

3           Fraud Act, in violation of California Penal Code § 502;

4        c. Breached Defendants' contracts with Facebook and Instagram in

5           violation of California law;

6        d. Been unjustly enriched at the expense of Facebook and Instagram in

7           violation of California law.

8        2.    That the Court enter a permanent injunction enjoining and restraining

9  Defendants and their agents, servants, employees, successors, and assigns, and all other

10  persons acting in concert with or conspiracy with any of them or who are affiliated with

11  Defendants from:

12      a. Accessing or attempting to access Facebook and Instagram's service,

13         platform, and computer systems;

14      b. Creating or maintaining any Instagram accounts in violation of

15         Instagram's TOU;

16      c. Engaging in any activity that disrupts, diminishes the quality of,

17         interferes with the performance of, or impairs the functionality of

18         Facebook and Instagram's service, platform, and computer systems; and

19      d. Engaging in any activity, or facilitating others to do the same, that

20         violates Instagram's TOU, Community Guidelines, or other related

21         policy referenced herein.

22      3.    That Facebook and Instagram be awarded damages, including, but not

23  limited to, compensatory, statutory, and punitive damages, as permitted by law and in

24  such amounts to be proven at trial.

25      4.    That Defendants account for, hold in constructive trust, pay over to

26  Facebook and Instagram, and otherwise disgorge profits derived from Defendants'

27  unjust enrichment, which is estimated to be $9,430,000.

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5.      That Facebook and Instagram be awarded its reasonable costs, including reasonable attorneys' fees.

6.      That Facebook and Instagram be awarded pre- and post-judgment interest as allowed by law.

7.      That the Court grant all such other and further relief as the Court may deem just and proper.


Dated:  April 25, 2019                              **HUNTON ANDREWS KURTH LLP**


                                        By:      /s/ Ann Marie Mortimer
                                                Ann Marie Mortimer
                                                Jason J. Kim
                                                Attorneys for Plaintiffs
                                                FACEBOOK, INC. and
                                                INSTAGRAM, LLC

                                                Jessica Romero
                                                Michael Chmelar
                                                Stacy Chen
                                                Platform Enforcement and
                                                Litigation
                                                Facebook, Inc.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Dated:  April 25, 2019                              **HUNTON ANDREWS KURTH LLP**


By:      /s/ Ann Marie Mortimer
                      Ann Marie Mortimer
                      Jason J. Kim
                  Attorneys for Plaintiffs
                  FACEBOOK, INC. and
                  INSTAGRAM, LLC

                  Jessica Romero
                  Michael Chmelar
                  Stacy Chen
                  Platform Enforcement and
                  Litigation
                  Facebook, Inc.

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**